# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-11-30-D |
| | ) | |
| ADEDAYO O. ADEGBOYE and | ) | |
| OLALEKAN RUFAI, | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court is the government's motion for a preliminary order of forfeiture [Doc. No. 109], pursuant to the forfeiture allegations in the Superseding Indictment [Doc. No. 69]. Each defendant has filed an objection to the motion, and the government has filed a reply. Pursuant to Rule 32.2 (b)(1)(B), Defendants requested a hearing and, on October 19, 2011, the Court conducted a hearing.

During the trial of this matter, the parties agreed that the forfeiture issues would not be submitted to the jury, but would be reserved for post-verdict determination by the Court if the jury found Defendants guilty. On August 17, 2011, the jury returned a verdict of not guilty on Count One of the Superseding Indictment as to both Defendants; the jury found Defendants guilty of the crimes charged in Counts Two through Six. In Count One, Defendants were charged with conspiracy to commit health care fraud in violation of 18 U. S. C. § 1349. Counts Two through Six charged Defendants with five specific incidents of health care fraud in violation of 18 U. S. C. § 1347. Included in the Superseding Indictment were allegations seeking Defendants' forfeiture, pursuant to 18 U. S. C. § 982(a)(7), of any real or personal property that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the charged offenses,

including but not limited to the sum of $299,694.00.

In its motion for a preliminary order of forfeiture, the government seeks an order consisting of a personal money judgment against Defendants, jointly and severally, in the amount of $299,694.00, representing the amount of proceeds obtained as a result of the offenses charged in the Superseding Indictment, in accordance with 18 U. S. C. § 982(a)(7).

Defendants do not object to the propriety of a forfeiture judgment; however, they contend the forfeiture amount cannot consist of the total $299,694.00, but must be limited to the combined total of the specific losses charged in Counts Two through Six. They argue that, because those are the only counts on which Defendants were found guilty, the forfeiture amount must be limited to $16,094.80, the total of the amounts charged in Counts Two through Six. The government argues that, contrary to Defendants' contention, the forfeiture amount is not limited to the amount attributable to the counts on which they were found guilty. Instead, it contends that the entire amount of money derived from the health care fraud scheme is subject to forfeiture.

The entry of a preliminary order of forfeiture in the form of a personal money judgment is authorized by Rules 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. *United States v. McGinty*, 610 F. 3d 1242, 1246 (10th Cir. 2010). "Forfeitures serve a variety of purposes, but are designed primarily to confiscate property used in violation of the law, and to require disgorgement of the fruits of illegal conduct." *United States v. Ursery*, 518 U.S. 267, 284 (1996). The burden of proof is on the government to establish, by a preponderance of the evidence, that the property at issue is subject to forfeiture. *United States v. Wagoner County Real Estate,* 278 F. 3d 1091, 1097 (10th Cir. 2002) (forfeiture proceeding pursuant to 18 U. S. C. § 983(c)(1)); *United States v. Voigt*, 89 F. 3d 1050 (3rd Cir. 1996), *cert. denied,* 519 U.S. 1047 (1996) (applying preponderance standard

to 18 U. S. C. § 982(a) forfeiture proceedings).

In this case, the government seeks forfeiture pursuant to 18 U. S. C. § 982(a)(7), which provides:

> The court, in imposing sentence on a person convicted of a Federal health care offense, shall order the person to forfeit property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

To satisfy its burden, the government must show the property to be forfeited has a "nexus to the offense of conviction." *United States v. Bornfield,* 145 F. 3d 1123, 1135 (10th Cir. 1998). "The key to whether property is forfeitable is whether it is 'involved in' or 'traceable to' the offense." *Id.* (quoting 18 U. S. C. § 982(a)(1)). Although *Bornfield* involved a money laundering scheme rather than a scheme of health care fraud, the forfeiture provisions of § 982(a)(1) are similar to those in § 982(a)(7), as both authorize forfeiture of property "traceable" to the offense. "Property 'traceable to' means property where the acquisition is attributable to the money laundering scheme rather than from money obtained from untainted sources." *Id.* (citations omitted).

To determine whether the government has satisfied its burden of proof, the Court may rely on evidence admitted at trial and any new evidence presented at a post-trial hearing. "The court's determination may be based on evidence already in the record...and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B).

Prior to the October 19 hearing in this case, the government advised the Court and Defendants' counsel that it did not intend to offer additional evidence in support of the forfeiture, but would rely on evidence admitted at trial. Specifically, the government advised that the amount at issue is set forth in Government Trial Exhibit 24, which was introduced through the testimony of

3

Jonathon Bergey of Cigna, who testified regarding the items reflected on the spread sheets comprising Exhibit 24.

At the October 19 hearing, the government again relied on Exhibit 24. Counsel noted that, although the total amount shown on that exhibit exceeds $370,000.00, the amount derived by Defendants is $299,694.00, representing the 80 percent reimbursement received from Medicare as proceeds of the health care fraud scheme.[1] Defendants did not object to the consideration of Exhibit 24, nor did they question the accuracy of the amounts shown on the exhibit.

During the hearing, Defendants did not present evidence. Instead, counsel summarized the arguments set forth in their respective briefs. Accordingly, the issue presented is limited to whether the amount of forfeiture may include the amount derived from the overall fraudulent health care scheme, or whether it must be based only on the amounts reflected in Counts Two through Six.

The parties agree that there are no Tenth Circuit Court of Appeals decisions addressing this question or expressly applying the provisions of 18 U. S. C. § 982(a)(7) to determine the amount to be forfeited. Furthermore, few courts have done so. As the government points out, in *United States v. Boesen,* 473 F. Supp. 2d 932 (S.D.Iowa 2007), the court applied the provisions of § 982(a)(7) to facts similar to those in this case. The defendant in *Boesen* was charged by indictment with specific instances of a scheme to commit health care fraud in violation of 18 U. S. C. §1347 and with conspiracy to commit health care fraud. He was acquitted of the conspiracy charge, but found guilty on specific counts of a health care fraud scheme. The government sought forfeiture of the entire proceeds of the funds traceable to the scheme, and the defendant argued forfeiture should be limited only to the specific counts on which he was found guilty.

---

[1] Counsel pointed out that the 80 percent calculation actually results in an amount exceeding $299,694.00; however, the government seeks $299,694.00 because that amount was charged in the Superseding Indictment.

4

The *Boesen* court rejected the defendant's contention. It noted that § 1347 "does not require the Government to charge a defendant with every execution of a health care fraud scheme, and the Government could indict a defendant for a health care fraud scheme by charging only one execution of that scheme." *Boesen,* 473 F. Supp. 2d at 952 (citations omitted). "Although the crime of health care fraud is complete upon the execution of a scheme, any scheme can be executed a number of times, and each execution may be charged as a separate count." *United States v. Hickman*, 331 F. 3d 439, 446 (5th Cir. 2003). Thus, it is not necessary for the government to charge every specific act involved in the scheme in order to prove the entire scheme. "The statute criminalizes executions of the scheme; the overall scheme is thus inherently part of the offenses of which Defendant has been convicted." *Boesen,* 473 F. Supp. 2d at 953. Noting the purpose of forfeiture is "to require disgorgement of the fruits of illegal conduct," the court held "[f]orfeiture of the gross proceeds of uncharged executions of the scheme that Defendant was convicted of serves this purpose." *Id.* (citing *United States v. Ursery*, 518 U.S. 267, 284 (1996) (one of the purposes of forfeiture is requiring disgorgement of the fruits of illegal conduct). Thus, the *Boesen* court included in the forfeiture amount "the gross proceeds from the overall scheme charged in the indictment" rather than limiting the amount to the proceeds derived from the specific counts on which the defendant was found guilty. *Id.* The facts of *Boesen* are essentially the same as those presented in this case.

Having fully considered the evidence, the arguments of counsel, and the applicable law, the Court concludes that the government has satisfied its burden of proof, by a preponderance of the evidence, that the full amount of $299,694.00 is subject to forfeiture. Although the decision in *Boesen* is not binding on this Court, the rationale for the decision is reasonable and consistent with

5

the language of § 982(a)(7) and with decisions applying the similar provisions of statutes governing forfeiture in money laundering and other criminal schemes. *See, e.g., Bornfield*, *supra.* The Court does not find persuasive Defendants' arguments that the forfeiture amount charged in the Superseding Indictment in this case was linked solely to the conspiracy charge. On the contrary, the evidence presented in government Exhibit 24 reflects the total proceeds of the health care fraud scheme, of which specific instances of execution were charged in Counts Two through Six. The government in this case could have charged Defendants with additional specific instances of execution of the scheme, but it was not required to do so in order to prove the existence of the health care fraud scheme. *See Hickman*, 331 F. 3d at 446; *Boesen,* 473 F. Supp. 2d at 953.

Accordingly, the Court concludes that the government's motion for a preliminary order of forfeiture in the amount of $299,694.00, jointly and severally against Defendants Adegboye and Rufai, should be, and is, GRANTED. The Court will separately file a preliminary order of forfeiture in that amount.

IT IS SO ORDERED this 21st day of October, 2011.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE